UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ANTHONY SCELFO, Individually,
TARI EDDY and
JOSEPH SCELFO, Individually
and as Parents, Next of Kin of
Anthony Scelfo,

     Plaintiffs,

v.                                                                   No.: 2:12-cv-02977

MEGABUS NORTHEAST, LLC,                          (JURY TRIAL DEMANDED)
directly and d/b/a MEGABUS.COM,
MEGABUS USA, LLC,
COACH LEASING, INC.,
AMERICAN COACH LINES OF ATLANTA, INC.,
and JOHN DOUGLAS SANDERS,

     Defendants.

---

**COMPLAINT FOR PERSONAL INJURIES AND MONEY DAMAGES**

---

     COME NOW the Plaintiffs, Anthony Scelfo and his natural parents, Tari Eddy and Joseph Scelfo, and for their claims against the Defendants state:

### I. PARTIES, JURISDICTION AND VENUE

     1.    Plaintiff, Anthony Scelfo, is an adult citizen of the United States. At the time of the incident at issue in this matter, Mr. Scelfo was a resident of Memphis, Shelby County, Tennessee residing at Apartment 1, 32 S. Tucker Street. As a result of his serious, life threatening and disabling injuries received in the incident described below, Anthony Scelfo moved from Memphis and became a resident of Florida residing in his father's home at 1776

Sycamore Ave., Niceville, FL  32578.  Anthony Scelfo resides in Florida at the time of the filing of this action.

2. Plaintiff, Tari Eddy, is Anthony Scelfo's biologic mother and next-of-kin and is a resident of Nashville, Tennessee.

3. Plaintiff, Joseph Scelfo, is Anthony Scelfo's biologic father and next-of-kin and is a resident of Niceville, Florida.

4. Upon information and belief, Defendant Megabus Northeast, LLC, is a Delaware corporation, authorized to do business in the State of Tennessee and operating under an assumed name as d/b/a Megabus.Com.  Its principal place of business appears to be 349 First Street, Elizabeth, NJ  07206.  The registered agent for service of process is CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, TN  37929-9710.

5. Upon information and belief, Megabus USA, LLC is a Delaware corporation.  Its principal place of business appears to be 4400 S. Racine Avenue, Chicago, IL  60609.  Registered agent for service of process is CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, TN  37929-9710.

6. Upon information and belief, Defendant American Coach Lines of Atlanta, Inc. is a Georgia corporation authorized to and doing business in Tennessee.  Its principal place of business appears to be 705 Lively Avenue, Norcross, Georgia  30071-2423.  Its registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

7. Upon information and belief, Defendant Coach Leasing, Inc. is an Illinois corporation.  Its principal place of business appears to be 7559 Walton Street, Rockford, Illinois 61108-4606 and/or 615 W. 41st Street, Chicago, IL  60609-2643.  Its registered agent for service

of process is CT Corporation System, Suite 2021, 800 S. Gay Street, Knoxville, TN  37929-9710.

8. Upon information and belief, Defendant John Douglas Sanders was the driver/operator of the Megabus at issue in this case.  John Sanders is an adult resident citizen of Atlanta, Georgia residing at 730 Charlotte Place, N.W., Atlanta, Georgia  30318.

9. Upon information and belief, the above-referenced corporate defendants were the owners and operators (and/or owners/lessors of an interest in the bus or the other corporate defendants) of the Megabus involved in this incident.

10. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, Diversity of Citizenship and damages exceeding $75,000.00, exclusive of interest and costs. There is complete diversity of citizenship between all Plaintiffs on the one hand and all Defendants on the other.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the incident involved in this action involves a collision between a bus being driven/operated by Defendant Sanders and the bus was owned, leased, operated and/or used for the benefit of the other Defendants and a motorcycle being driven by Plaintiff, Anthony Scelfo, at the intersection of Front Street and West Court Avenue in downtown Memphis, Tennessee on February 2, 2012.

## II. RESPONDEAT SUPERIOR

12. Upon information and belief, it is alleged at the time of the incident/collision involved in this matter, Defendant John Sanders was driving/operating the bus in question and was an employee, agent and/or servant of the named corporate defendants, including particularly but not limited to American Coach Lines of Atlanta, Inc..  Defendant Sanders is individually and directly liable to Plaintiffs and the named corporate Defendants are vicariously liable to Plaintiffs

pursuant to respondeat superior, employee-employee, principal-agent, master-servant and/or any other applicable theory or basis of vicarious liability.

### III. FACTUAL ALLEGATIONS

13. This action involves a collision between a bus being driven/operated by Defendant Sanders and a motorcycle being driven by Plaintiff, Anthony Scelfo, occurring in the intersection of Front Street and West Court Avenue in downtown Memphis, Tennessee at approximately 1:30 p.m. on February 2, 2012. The bus was prominently marked "Megabus.Com" with additional displays of "Coach USA." The bus was a 2008 model MCI J4500 with a VIN number of 2M93JMEA98 WW06451. Plaintiffs allege that at the time of the collision the bus driven by Defendant Sanders was owned, leased, operated and/or used for the benefit of the other Defendants

14. On February 2, 2012 at approximately 1:30 p.m., Anthony Scelfo was operating a licensed motorcycle and had a valid Tennessee driver's license. Mr. Scelfo was operating the motorcycle in a safe and reasonable manner under the circumstances and within the speed limit. Mr. Scelfo had the headlights on his motorcycle on and he was wearing a helmet.

15. As Mr. Scelfo approached in close proximity to the intersection of Front Street and West Court Avenue, the bus being operated by Defendant Sanders, which was traveling south on Front Street unexpectedly, improperly and negligently made a left turn directly in front of Mr. Scelfo attempting to turn left from Front onto West Court. At this time, the weather was clear and the pavement dry.

16. Mr. Scelfo attempted to avoid the collision by downshifting and braking and then by veering left to attempt to avoid the collision with bus or at least a direct head on impact. Mr. Scelfo employed all reasonable efforts and exercised reasonable care to avoid the collision.

17. Despite Mr. Scelfo's efforts, his motorcycle collided with the bus at the right side somewhat more to the rear portion of the bus within the intersection of Front and West Court. As a result of Defendants' negligence and the collision, Mr. Scelfo was knocked to the pavement and suffered a serious head injury and a serious injury to his right arm as well as other physical trauma and injuries. His motorcycle also suffered significant damage.

18. Within a matter of minutes, Mr. Scelfo was transported to The Regional Medical Center where he was treated and received extensive medical care, including, but not limited to, surgery for his head (including removal of a portion of his skull to relieve pressure on his brain) and surgery on his arm and other injuries. Mr. Scelfo's parents, Plaintiffs Tari Eddy and Joseph Scelfo, traveled to Memphis to care for their son and have incurred substantial expenses for their care and attention to him.

19. After a lengthy stay in The Regional Medical Center, Mr. Scelfo was admitted to Shepherd's Way Rehabilitation Center in Atlanta, Georgia, initially as in-patient and later as an outpatient. Mr. Sceflo also was hospitalized at Baptist Memorial Hospital – Memphis for the re-implantation of a portion of his skull previously removed at The Med. Mr. Scelfo and his parents have incurred substantial past, present and future medical expenses as a result of Defendants' negligence which proximately caused Mr. Sceflo and his parents' injuries and damages.

### IV. NEGLIGENCE AND NEGLIGENCE PER SE

20. Paragraphs 1 – 19 above be and hereby are referenced and incorporated herein as if set forth verbatim.

21. The Defendant driver/operator John Douglas Sanders was negligent in his operation of the bus in general and also including but not limited to the following particulars:

5

A. <u>Common Law Negligence</u>

   (1) Failure to maintain a proper and safe lookout for oncoming traffic;

   (2) Failure to yield the right-of-way to Mr. Scelfo who had the right-of-way under the circumstances;

   (3) Making an improper and unsafe left turn under the circumstances;

   (4) Failure to maintain proper control of his bus so as to avoid injury and damage to another person or property;

   (5) Failure to properly signal that he was making a left turn; and

   (6) Failure to use and exercise reasonable care under all of the circumstances then existing;

B. <u>Violations of State Statutes – Negligence Per Se</u>

   (1) Violating T.C.A. § 55-8-129, <u>Vehicle Turning Left at Intersection</u>.

   (2) Violating T.C.A. § 55-8-135, <u>Drivers to Exercise Due Care</u>.

   (3) Violating T.C.A. § 55-8-142(a), <u>Turning Movements – Signal for Stop or Decrease in Speed</u>.

   (4) Violating T.C.A. § 55-8-143(a), <u>Signals for Turns</u>.

C. <u>Violation of Memphis City Ordinances – Negligence Per Se</u>

   (1) Section 11-16-2 (formerly § 21-87). <u>Duty to devote full time and attention to operating vehicle</u>. It is unlawful for a driver of a vehicle to fail to devote full time and attention to operating such a vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

   (2) Section 11-16-3 (formerly 21-88). <u>Duty to drive at a safe speed, maintain lookout and keep vehicle under control</u>. Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may applicable every driver shall: Operate his or her vehicle at a safe speed;

      (B.) Maintain a safe lookout; (C) Use due care to keep his or her vehicle under control.

    (3) Section 11-16-28 (formerly § 21-113). <u>Turning movements generally.</u> (A) No person shall turn a vehicle at an intersection, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with a reasonable safety.

    (4) Section 11-16-37 (formerly § 21-121). <u>Right-of-way when vehicle turning left at intersection</u>. The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching in the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by this chapter, may make such left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right-of-way to the vehicle making the left turn.

  22. The above-referenced acts, omissions and conduct constituted both negligence and negligence per se (in regard to violation of statements and ordinances) and were sole, direct, proximate and legal cause of the collision and the resulting injuries and damages to Plaintiffs. Defendant Sanders was negligent and at fault in regard to this collision.

  23. The above-referenced corporate Defendants have or at all pertinent times had an ownership, a lease interest and/or a beneficial interest in the bus and were the employer, principal, or master of Defendant Sanders and as such are vicariously liable, jointly and severally, for the injuries and damages caused pursuant to the doctrines of respondeat superior, employer-employee, principal-agent and/or master-servant.

## V. <u>INJURIES AND DAMAGES</u>

  24. Paragraphs 1 – 23 above be and hereby are referenced and incorporated herein as if set forth verbatim.

25. Plaintiff, Anthony Scelfo, suffered substantial physical, emotional and mental injuries as a direct and proximate result of the collision including, but not limited to the following:

    (A) Closed head and brain injury requiring multiple surgeries and ongoing rehabilitation;

    (B) A significantly broken right arm requiring multiple surgeries and ongoing physical and other rehabilitation;

    (C) Physical, emotional and mental pain and suffering as well as cognitive injuries associated with the injuries and disabilities;

    (D) Permanent scarring and disfigurement to his right arm and to his head;

    (E) Past, present and future medical and associated care expenses;

    (F) Past, present and future permanent disability;

    (G) Past, present and future loss of the enjoyment of life;

    (H) Past, present and future loss of income and loss of earning capacity as a result of Plaintiff Scelfo's inability to work in his chosen occupation of commercial diver; and

    (I) Property damage to his motorcycle.

26. Plaintiffs, Tari Eddy and Joseph Scelfo, Anthony Scelfo's natural parents, have incurred substantial costs, expenses and other expenditures for the care of their son which were directly and proximately caused by the collision and the Defendants' negligence, including but not limited to:

    (A) Medical, rehabilitation and transportation expenses;

    (B) Care-giving;

    (C) Loss of consortium, and

    (D)   Loss of income,

## VI. <u>PRAYER FOR RELIEF</u>

27. That proper process issue to and be served upon all Defendants requiring them to answer within the time provided by law.

28. That Plaintiff Anthony Scelfo be awarded money damages and judgment against Defendants for all injuries and damages available under law and to be proven at trial, including, but not limited to, those in paragraph 25 above.

29. That Plaintiffs, Tari Eddy and Joseph Scelfo, be awarded money damages and judgment against the Defendants for all injuries and damages available under law and to be proven at trial, including, but not limited to, those in paragraph 26 above.

30. That Plaintiffs have a judgment against the Defendants, jointly and severally, in an amount deemed reasonable and to be awarded by a jury but in no event less than Ten Million Dollars ($10,000,000.00).

31. That Plaintiffs be awarded all costs and interest against Defendants.

32. For any and all further relief both general and specific, legal and/or equitable to which Plaintiffs are entitled.

33. Plaintiffs demand a trial by jury of all issues triable by jury by the United States Constitution, the Tennessee Constitution and by Rule 38 of the Federal Rules of Civil Procedure.

34. Plaintiffs reserve the right to amend this Complaint as is warranted by the facts, the law and the evidence.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ William L. Bomar
    Oscar C. Carr, III    (#4779)
    William L. Bomar    (#11998)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
(901) 525-1322 Telephone
(901) 525-2389 Facsimile
Emails:    ocarr@glankler.com
    bbomar@glankler.com

*Attorneys for Plaintiffs*